UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS, et al., | |
| Plaintiff(s), | No. C05-0654 BZ |
| v. | **REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| TGW METAL, INC., et al., | |
| Defendant(s). | |

     Before me is plaintiffs' motion for entry of default judgment against defendant TGW Metal, Inc. ("defendant"). Defendant has never appeared in this action and did not respond to plaintiffs' motion.  As defendant has not consented to my jurisdiction, the following is a report and recommendation for entry of default judgment.

     On February 11, 2005, plaintiffs filed a complaint under Section 301(c)(1) of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, alleging that defendant violated a collective bargaining agreement and certain Trust Agreements that

1

1   required defendant to make regular contributions to the Sheet

2   Metal Workers Health Care Plan of Northern California, Sheet

3   Metal Workers Pension Trust of Northern California, Sheet

4   Metal Workers Local 104 Vacation, Holiday Savings Plan

5   (collectively, "Trust Funds"), of which plaintiffs are

6   trustees.  Compl. ¶ 2.  According to the complaint, the

7   collective bargaining agreement obligates defendant to pay

8   regular monthly contributions for all of its employees covered

9   by the Trust Funds.  Compl. ¶¶ 1, 5.   The complaint seeks

10  damages for unpaid contributions, liquidated damages,

11  interest, attorneys' fees and costs.  Compl. Prayer ¶ 1.

12  Defendant paid the full amount of delinquent contributions

13  following the filing of this lawsuit.

14       Plaintiffs effected service of process on March 4, 2005.

15  Defendant failed to answer the complaint or otherwise defend

16  the action.  On June 21, 2005, upon plaintiffs' request, the

17  Clerk of this court entered defendant's default under Rule

18  55(a).  By its default, defendant is deemed to have admitted

19  the well-pleaded averments of the complaint except those as to

20  the amount of damages.  See Fed. R. Civ. P. 8(d).

21       A court may not enter a default judgment against an

22  unrepresented minor, an incompetent person, or a person in

23  military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.

24  U.S.C. § 521.  As a corporation, TGW Metal, Inc. satisfies

25  this requirement.  Compl.  ¶¶ 3-4.

26       Pursuant to Rule 55(b)(2), the court may enter a default

27  judgment against a party against whom default has been

28  entered.  The decision to grant or deny a default judgment

1   under Rule 55(b) is within the discretion of the Court.  <u>Eitel</u>

2   <u>v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal

3   hearing is not required for a court to render a default

4   judgment.  <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

5       Section 1132(g) of ERISA provides that in an action to

6   enforce payment of delinquent contributions:

7       the court shall award the plan -
           (A) the unpaid contributions,

8          (B) interest on the unpaid contributions,
           (C) an amount equal to the greater of –

9             (I) interest on the unpaid contributions,
             or

10            (ii)liquidated damages provided for under
             the plan in an amount not in excess of 20

11             percent. . . of the amount determined by
             the court under subparagraph (A),

12          (D) reasonable attorney's fees and costs

13   29 U.S.C. § 1132(g)(2).  An award under section 1132(g)(2) is

14   mandatory if the following requirements are satisfied:  (1)

15   the employer is delinquent at the time the action is filed;

16   (2) the district court has entered a judgment against the

17   employer; and (3) the plan provides for such an award.

18   <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d 253, 257

19   (9th Cir. 1996) (citing <u>Idaho Plumbers and Pipefitters Health</u>

20   <u>and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875

21   F.2d 212, 215-16 (9th Cir. 1989).  A mandatory award is

22   available under section 1132(g)(2) "notwithstanding the

23   defendant's post-suit, pre-judgment payment of the delinquent

24   contributions."  <u>See</u> <u>Northwest Adm'rs, Inc.</u>, 104 F.3d at 258

25   (quoting <u>Carpenters Amended and Restated Health Benefit Fund</u>

26   <u>v. John W. Ryan Constr. Co., Inc.</u>, 767 F.2d 1170, 1175 (5th

27   Cir. 1985)); <u>see also</u> <u>Iron Workers Dist. Council v. Hudson</u>

28   <u>Steel Fabricators & Erectors, Inc.</u>, 68 F.3d 1502, 1507 (2nd

1   Cir. 1995); <u>Board of Trustees of the Sheet Metal Workers v.</u>

2   <u>General Facilities, Inc.</u>, 2003 WL 1790837, at *2 (N.D. Cal.

3   March 31, 2003) (citing <u>Carpenters & Joiners Welfare Fund v.</u>

4   <u>Gittleman Corp.</u>, 857 F.2d 476, 478 (8th Cir. 1988)).  As

5   plaintiffs have satisfied the statutory requirements, they are

6   entitled to an award under section 1132(g).  <u>See</u> <u>Iron Workers</u>

7   <u>Dist. Council</u>, 68 F.3d at 1507.

8        Plaintiffs have the burden of proving damages.  To prove

9   damages, plaintiffs have submitted a declaration from Bonnie

10  Maraia, Fund Manager of Benesys, administrators of the Trust

11  Funds, and custodian of the books and records for the Trust

12  Funds.  <u>See</u> Declaration of Bonnie Maraia in Support of

13  plaintiffs' Motion for Default Judgment ("Maraia Decl.") ¶ 1.

14       Maraia's declaration establishes that defendant failed to

15  make contributions for the months of November 2004 and

16  December 2004 when due to the Trust Funds in the amount of

17  $14,996.16.  Maraia Decl., Exs. 3, 4.  Defendant paid the full

18  amount of delinquent contributions on February 15, 2005.

19       Plaintiffs seek $2,999.23 in liquidated damages because

20  the contributions for November 2004 and December 2004 were not

21  received in a timely manner.  Maraia Decl., ¶¶ 3, 10.

22  Liquidated damages are recoverable under ERISA, as provided in

23  the plan, in an amount not to exceed twenty percent.  <u>See</u> 29

24  U.S.C. § 1132(g)(2).  Section III(C) of the Sheet Metal

25  Workers Pension Trust of Northern California Agreement and

26  Declaration of Trust (the "Trust Agreement") provides for the

27  assessment of liquidated damages on delinquent contributions

28  at the rate of 20 percent if a lawsuit is filed to collect

4

1    delinquent contributions.  See Maraia Decl., Ex. 2.  As the

2    amount plaintiffs seek is permitted by contract and statute, I

3    recommend that plaintiffs recover a total of $2,999.23 in

4    liquidated damages.

5         Plaintiffs also seek interest of fifteen percent on the

6    contributions for the time they were delinquent.  Under ERISA,

7    the Trust may recover interest based on the rate set by the

8    Trust Agreement.  See 29 U.S.C. 1132(g)(2).  However,

9    plaintiffs submitted plan materials that state the interest

10   rate as being ten percent.  Maraia Decl., Ex. 2.  Section 3 of

11   the Proposed New Collection Procedures for Sheet Metal Trust

12   provides, "If legal proceedings are instituted, interest at

13   10% annually will be assessed from the delinquency date (the

14   20th of Month 1)."  Maraia Decl., Ex. 2.  When questioned at

15   the hearing about this discrepancy, plaintiffs' counsel agreed

16   to reduce their request for interest to two-thirds of $253.73,

17   which equals $169.15.  I therefore recommend that plaintiffs

18   recover $169.15 in interest for the delinquent contributions.

19        Plaintiffs also request that the Court enter a limited

20   judgment reserving their rights to audit defendant's books for

21   any periods not previously audited, including for the same

22   time period covered in this default judgment, and to collect

23   by subsequent legal action any sum found to be due after an

24   audit.  For the reasons cited in this Court's Report and

25   Recommendation dated June 16, 2005, in Board of Trustees of

26   the Bay Area Roofers Health and Welfare Trust Fund, et al., v.

27   Ace Roofing Company, No. C04-3098 MJJ, I recommend that

28   plaintiffs' request for entry of such a judgment be denied.

1    Plaintiffs also seek $740 in attorneys' fees and $350 in

2    costs.  Reasonable attorneys' fees and costs of the action may

3    be awarded to a Trust Fund that receives a judgment in its

4    favor.  See 29 U.S.C. 1132(g)(2)(D).  Michael J. Carroll,

5    plaintiffs' counsel, in his Declaration in Support of Motion

6    for Default Judgment ("Carroll Decl."), calculates that he

7    spent in excess of four hours prosecuting this action at a

8    rate of $185.00 per hour.  See Carroll Decl. ¶ 5.  Mr. Carroll

9    spent this time preparing a Motion for Entry of Default with

10   Supporting Declaration, Plaintiff's Case Management Statement,

11   a Declaration Requesting that Case Management Conference be

12   Continued, and Plaintiffs' Motion for Default Judgment and

13   Attorneys' Fees.  Id.  This time was reasonable and necessary

14   to obtain a default judgment in his client's favor, and is

15   therefore recoverable.  See id.  The rate charged is also

16   reasonable in relation to work performed.  See id.  Plaintiffs

17   also incurred $250 in costs consisting of filing fees and

18   costs associated with service of process.[1]  Id. ¶2.  Based on

19   the declaration submitted in support of plaintiffs'

20   application, I find that these amounts are reasonable and

21   recommend that plaintiffs recover $740 in attorneys' fees and

22   $250 in costs.

23      For the foregoing reasons, I recommend that Judgment be

24   entered in plaintiffs' favor against TGW Metal, Inc. for

25

26      [1]   Plaintiffs' counsel agreed at the hearing to reduce
     the requested amount for costs from $350 to $250.  The record
27   establishes that plaintiffs' counsel has incurred $150 in
     filing fees and $100 in service costs.  Carroll Decl. ¶ 2 and
28   Exh. 5.

1 | $4,158.38.  This amount includes $2,999.23 in liquidated

2 | damages, $169.15 in interest on delinquent contributions, $740

3 | in attorneys' fees and $250 in costs.

4 | Dated: December 22, 2005

5 | _____

6 | Bernard Zimmerman
United States Magistrate Judge

7 | G:\BZALL\-BZCASES\TGW METALS\REP.DEFAULT.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28